IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CINDY LOU YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-00815-RK |
| | ) |
| COMMISSIONER, SOCIAL | ) |
| SECURITY ADMINISTRATION; | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **REMANDED**.

**Standard of Review**

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d

549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ found that since the alleged onset date of disability, January 1, 2005, Plaintiff has had the following severe impairment: mild intellectual disability. The ALJ also found that Plaintiff was disabled beginning March 17, 2020. The ALJ also determined that Plaintiff has the following non-severe impairment prior to March 17, 2020: obesity. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing").

Additionally, the ALJ found that despite her limitations, from the alleged onset date of disability, January 1, 2005, to March 17, 2020, the date Plaintiff became disabled, Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: she could perform work at all exertional levels; and she could perform simple, routine, repetitive 1 to 2 step tasks requiring no more than rudimentary reading, writing and math skills in other than fast-paced production environments. Although the ALJ found that Plaintiff was unable to perform any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy between the alleged onset date of disability and March 17, 2020.

On appeal Plaintiff challenges the ALJ's decision that Plaintiff was not disabled between January 1, 2005, and March 17, 2020, as being unsupported by the substantial evidence and not based upon correct legal standards.

Plaintiff first argues that, because the written decision indicated that the ALJ gave "considerable" weight to State agency psychological consultant Dr. M. Bongiovani's opinions, it was reversible error for the ALJ not to explain why he did not include Dr. Bongiovani's opinions that Plaintiff was moderately limited in the ability to complete a normal workday/workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number/length of rest periods. Plaintiff similarly challenges the ALJ's failure to include psychological consultative examiner Dr. Bryce T. Gray's limitation as to Plaintiff's ability to process simple or routine visual material without making errors being in the

extremely low range, or to explain why these severe deficits were not accounted for. Plaintiff argues they should have been included or accounted for, given that they were consistent with psychological examiner Dr. Steven B. Adams' subsequent opinion that Plaintiff did not appear capable of understanding and remembering simple instructions or adapting to a typical work environment without consistent supervision and allowances.

"[A]n ALJ's decision is deficient when it fails to explain why certain portions of an examiner's opinion given significant weight were not adopted." *Erbe v. Berryhill*, No. 6:18-CV-03153-DGK-SSA, 2019 WL 1651613, at *3 (W.D. Mo. Apr. 17, 2019) (citing, *e.g.*, *Gann v. Berryhill*, 864 F.3d 947, 952-53 (8th Cir. 2017) (remand required where ALJ failed to explain why portions of an examiner's opinion given significant weight were not adopted); *Hickman v. Berryhill,* No. 3:11-CV-05007-DGK-SSA, 2018 WL 3589072, at *3 (W.D. Mo. July 26, 2018) (remand required when ALJ afforded great weight to medical opinion but failed to incorporate one of the limitations into the RFC or explain the omission); *Morris v. Berryhill*, No. 3:17-CV-05037-DGK-SSA, 2018 WL 3572528, at *3 (W.D. Mo. July 25, 2018) (remanding where ALJ "adopted" consultative examiner's opinion but failed to include all limitations in the RFC or explain the omission)). Because the ALJ afforded the opinions of Dr. Bongiovani and Dr. Gray "considerable weight" but did not incorporate or explain his decision not to incorporate certain of their recommended limitations in the RFC, remand is required. Because the Court finds remand is required based upon Plaintiff's first arguments, her remaining arguments are not addressed in this Order.

On remand, the ALJ should discuss Dr. M. Bongiovani's opinions that Plaintiff was moderately limited in the ability to complete a normal workday/workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number/length of rest periods and Dr. Bryce T. Gray's limitation as to Plaintiff's ability to process simple or routine visual material without making errors being in the extremely low range. If the ALJ determines those limitations should be disregarded, the ALJ should provide specific, reasoned explanations for that decision.

## Conclusion

Accordingly, the Court **ORDERS** that the decision of the ALJ is **REMANDED** for further proceedings consistent with this Order.

**IT IS SO ORDERED**.

                                                         s/ Roseann A. Ketchmark
                                                        ROSEANN A. KETCHMARK, JUDGE
                                                        UNITED STATES DISTRICT COURT

DATED: February 27, 2024